**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| RONNIE FORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ VANS, LLC,<br><br>Defendant. | Civil Action No.: 2:26-cv-00400<br><br>JURY TRIAL DEMANDED<br><br>CLASS AND COLLECTIVE ACTION |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ronnie Ford ("Plaintiff"), through his undersigned counsel, individually and on behalf of himself and non-exempt hourly employees Mercedes-Benz Vans, LLC (collectively, "Mercedes-Benz Vans" or "Defendant"), file this Class and Collective Action Complaint ("Complaint") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann § 41-10-10, *et seq*. Plaintiff asserts the FLSA claim as a collective action under 29 U.S.C. § 216(b) and the SCPWA claim as a class action pursuant to FED. R. CIV. P. 23.

## JURISDICTION AND VENUE

1. Pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's FLSA claim.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, because they arise out of the same transaction or occurrence as Plaintiff's federal claim.

3. This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28

U.S.C. § 1332(d), which provides federal district courts with original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.

4. Pursuant to FED. R. CIV. P. 4(k)(1)(A) and federal due process, the Court has general and specific personal jurisdiction over Defendant. Defendant maintains continuous and systematic contacts with South Carolina. Defendant has availed itself of the benefits and protections of the laws of South Carolina, because it has regularly conducted business in South Carolina, and because the FLSA violations and SCPWA violations occurred in South Carolina.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant transacts business in, is found in, and/or has agents in this judicial district, and because some of the actions giving rise to this Complaint took place within this district.

**PARTIES**

6. Plaintiff Ronnie Ford is a citizen of South Carolina and resident of Moncks Corner, South Carolina. Pursuant to 29 U.S.C. § 216(b), Plaintiff Ford consented in writing to being a Plaintiff in this action. *See* Ex. A.

7. Defendant Mercedes-Benz Vans, LLC is a limited liability company incorporated in Delaware with its principal place of address and corporate headquarters located in Ladson, South Carolina.

8. At all times material to this action, Defendant has been engaged in commerce or in the production of goods for commerce as defined by the FLSA.

9. Defendant's employees are engaged in interstate commerce and handle or work on goods that have been moved in and/or produced in commerce.

10. Defendant's annual gross volume of sales made, or business done, exceeds $500,000.

11. The unlawful acts alleged in this Complaint were committed by Defendant and/or its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

12. During all times relevant, Plaintiff was an employee of Defendant and is covered by the FLSA.

13. During all times relevant, Defendant was an employer and/or enterprise covered by the FLSA.

## CLASS AND COLLECTIVE DEFINITIONS

14. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following collective:

> All current and former non-exempt hourly employees of Mercedes-Benz Vans, LLC who worked over forty (40) hours in a workweek in South Carolina between August 4, 2022 and the present (the "FLSA Collective").

15. Plaintiff brings Count II of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current and former non-exempt hourly employees of Mercedes-Benz Vans, LLC who worked in South Carolina between August 4, 2022 and the present (the "Class").

16. The FLSA Collective and the Class are together referred to as the "Class" and the members of the Class are "Class Members."

17. Plaintiff reserves the right to redefine the FLSA Collective and/or Class prior to notice or class certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

18. Mercedes-Benz Vans operates a plant in Ladson, South Carolina, that assembles Sprinter and eSprinter vans for the U.S. and Canadian markets.

19. Since 2006, the Merecedes-Benz Vans facility has assembled more than 400,000 Metris, Sprinter, & eSprinter vans for delivery to destinations across the U.S. and Canada — making it the second largest market for Sprinter vans after Germany. [1]

20. The Merecedes-Benz Vans Charleston's plant consists of a body shop, a paint shop, and an assembly shop, allowing for full part-by-part assembly of the Metris & Sprinter vans.

21. Merecedes-Benz Vans directly employs over 1,600 individuals.

***Defendant Did Not Pay Plaintiff and Class Members for All Hours Worked***

22. This is an action brought on behalf of individuals who are current and former non-exempt employees by Mercedes-Benz Vans, challenging the unlawful failure to pay for "off-the-clock" work during meal breaks and prior to and after Plaintiff's and Class Members' regularly scheduled shifts, without receiving compensation for such "off-the-clock" activities in violation of the FLSA and SCPWA.

23. Plaintiff and other Class Members are not members of a union.

24. Plaintiff worked as a non-exempt hourly employee in the Mercedes-Benz Vans' manufacturing plant located in Ladson, South Carolina from approximately May 2022 to November 2024.

---

[1] "Who We Are - MB Vans Charleston," https://mbvcharleston.com/who-we-are/ and https://group.mercedes-benz.com/company/north-america/mercedes-benz-vans.html#:~:text=Mercedes%2DBenz%20Vans%2C%20LLC%20(,$60%20million%20U.S.%20Dollar%20investment (last visited Dec. 19, 2025).

25. Plaintiff worked as a "Team Member" in Defendant's Production/Assembly Department.

26. Plaintiff typically worked from 6:05 a.m. to 2:15 p.m. Monday through Friday, and usually worked an extra eight (8) hour shift once per month.

27. Plaintiff was paid an hourly rate of $19.50 per hour.

28. At all relevant times, Defendant maintained a policy and practice whereby hourly employees are encouraged and/or required to work off-the-clock.

29. Indeed, Plaintiff and Class Members were often required to work through meal breaks without proper compensation. Specifically, for each shift worked, Defendant automatically deducted a thirty (30) minute meal break from Plaintiff's paycheck, regardless of whether a meal break was actually taken.

30. Plaintiff was required to work through his meal break about once per week. Despite working through meal breaks, Defendant automatically deducted thirty (30) minutes from his paychecks.

31. Defendant knew or should have known that Plaintiff and other Class Members should have been paid for all time worked, including for missed meal breaks, under the FLSA and SCPWA.

32. Defendant also required Plaintiff and Class Members to don and doff Personal Protective Equipment (PPE) that is provided by and required by Defendant off-the-clock before and after their schedule shifts.

33. Plaintiff and Class Members must wear steel-toed safety shoes and safety glasses with side shields or wrap-around style while in the shops as well as hearing protection and hand protection, where required. Additional PPE may be required for specific tasks. Additional PPE

may include: bumps caps, hard hats, safety vests, arm protection, fresh air supplied hoods/Powered Air Purifying Respirators, splash googles/face shields, chemical protective clothing, welding clothing, and gloves.

34. Defendant provided training to Plaintiff and Class Members as to when PPE is necessary; what PPE is required; how to properly put on, take off, adjust, and wear PPE; the limitations of PPE; and the proper care, maintenance, useful life, and disposal of PPE.

35. Defendant required that Plaintiff and Class Members arrive to their work shifts sufficiently early to don required PPE and be dressed and ready prior to the beginning of their shifts.

36. To be on time for their scheduled shift start, Plaintiff and other Class Members arrived at Defendant's plant between fifteen (15) and forty (40) minutes prior to their shift start time so that they could report to their workstation in their PPE by their shift start times.

37. Plaintiff and Class Members could not begin working without donning the required PPE.

38. Prior to their scheduled shift time, Plaintiff and Class Members routinely performed a variety of activities that constituted compensable work, including but not limited to:

- walking to Defendant's time clock;
- walking to Defendant's locker room/changing area;
- donning specialized protective equipment and clothing issued and stored by Defendant, including safety boots, safety glasses, gloves, face shields, and other PPE where necessary, and
- walking to the work deck to report to their scheduled shifts.

39. If Plaintiff and Class Members arrived at Defendant's plants at their scheduled shift

start times, they would be considered tardy for their shifts because they would not be dressed and ready in their PPE, and would subject to discipline.

40. Defendant did not allow Plaintiff and Class Members to take PPE out of the building. Rather, Defendant required the PPE to be stored on Defendant's premises to avoid any potential contamination with the vehicle paint.

41. Defendant failed to pay Plaintiff and Class Members for the time spent working prior to beginning of their scheduled shift.

42. Defendant began paying Plaintiff and Class Members at their scheduled shift start time, regardless of the work they were required to do prior to the scheduled shift start.

43. Plaintiff and Class Members could not leave Defendant's premises during their meal break because it would require them to doff and don their PPE and there was not enough time to do so.

44. Plaintiff and Class Members are required to work until the end of their shifts. Once their shifts end, they are then required to perform the time-consuming task of doffing their PPE and returning the PPE to the appropriate location. This work takes approximately five (5) to ten (10) minutes.

45. Defendant stopped paying Plaintiff and the Class Members at the time their scheduled shift ends and does not pay them for doffing their specialized protective equipment or any other work.

46. Regardless of the time they swipe in and out for their shifts, Defendant adjusted Plaintiff's and Class Members' recorded hours to reflect their shift start and shift end times.

47. All of the unpaid pre-shift and post-shift work performed is an integral and indispensable part of the principal work activities of Plaintiff and Class Members.

48. Considering that Plaintiff and Class Members worked forty (40) or more hours during weekly pay periods, had they properly been compensated for all "off-the-clock" work, such time would have been added to their overtime hours and treated as overtime for purposes of calculating and computing overtime compensation under the FLSA.

49. Defendant knew or should have known that the work that they required of Plaintiff and other Class Members should have been paid for all time worked before and after their regularly scheduled shift under the FLSA and SCPWA.

***The Off-the-Clock Work Results in Viable Gap Time Claims in Weeks When the Class Members Worked Less Than Forty Hours***

50. "Gap time" refers to the hours that fall between a non-exempt employee's actual hours worked and the 40 hours that an employee must work before becoming entitled to overtime pay. When an employee works fewer than 40 hours – 37.5 hours per week, for example – gap time is the time worked between 37.5 and 40 hours, which must be paid at the employee's regular hourly rate.

51. Plaintiff and other Class Members sometimes worked less than forty (40) hours in a workweek. In such workweeks, the off-the-clock work described herein constitutes unpaid gap time, for which Plaintiff and the Class Members are entitled to be paid at their regular hourly rates of pay.

***Defendant Did Not Pay the Proper Overtime Rate to Plaintiff and Class Members***

52. Defendant also failed to pay Plaintiff and Class Members the appropriate overtime rate of compensation for overtime work performed.

53. Pursuant to the FLSA, non-discretionary bonuses are included in an employee's regular rate of pay unless they qualify as excludable under another statutory provision. According to the U.S. Department of Labor, which is charged with overseeing implementation of the FLSA,

"[e]xamples of nondiscretionary bonuses that must be included in the regular rate" of pay for purposes of calculating and paying overtime compensation include:

- Bonuses based on a predetermined formula, such as individual or group production bonuses;
- Bonuses for quality and accuracy of work;
- Bonuses announced to employees to induce them to work mor efficiently;
- Attendance bonuses; and
- Safety bonuses (*i.e.*, number of days without safety incidents).

U.S. Dept. of Labor, Wage & Hour Div., *Fact Sheet #56C: Bonuses under the Fair Labor Standards Act (FLSA)*, https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last visited Dec. 18, 2025).

54. Plaintiff and Class Members are paid several forms of non-discretionary compensation in addition to their hourly rate of pay, including *inter alia*, perfect attendance bonuses, cash bonuses, emergency pay, quarterly production bonuses, annual team share bonuses, and double time for specific shifts (collectively, "non-discretionary bonuses").

55. Defendant pays these non-discretionary bonuses to Plaintiff and Class Members, but Defendant failed to include certain of such bonuses in the "regular rate" used to calculate the overtime rate of pay for Plaintiff and Class Members in the weeks that the bonuses were paid. Defendant's failure has resulted in Plaintiff and Class Members receiving lower overtime rates than they were owed for the weeks in which the bonuses were paid.

56. For example, Plaintiff Ford's pay statement, dated January 1, 2023, shows that he received a $100 "Perfect Attendance" bonus for attending all his regularly scheduled shifts for three months. However, this non-discretionary bonus was not included in the calculation of his

regular rate of pay. Rather, Plaintiff Ford's overtime compensation was calculated at $29.25 per hour, 1.5x his hourly rate of $19.50.

57. The non-discretionary bonuses were based on a pre-determined formula that is advertised to Defendant's non-exempt employees in advance.

58. The non-discretionary bonuses, however, were not properly included in the calculation of overtime compensation for Plaintiff and Class Members.

59. Defendant knew or should have known that the non-discretionary bonuses that they paid should have been properly incorporated into the regular rate for purposes of calculating overtime compensation under the FLSA.

***Defendant's Conduct Was Willful***

60. Defendant knew Plaintiff and Class Members were entitled to proper calculation of overtime wages for all hours worked over forty (40) in a workweek because Defendant classified Plaintiff and Class Members as non-exempt under the FLSA and SCPWA.

61. Defendant's actions in violation of the FLSA were and are made willfully in an effort to avoid proper payment under the FLSA and state law. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and failures to act.

62. Defendant does not maintain accurate records of the actual hours that Plaintiff and Class Members worked each workday and the total hours worked each workweek.

63. Defendant knew or should have known that the work that they required of Plaintiff and other Class Members should have been paid for all time worked before and after their regularly scheduled shift and working through meal breaks.

64. Defendant knew or should have known that the non-discretionary bonuses that they paid should have been properly incorporated into the regular rate for purposes of calculating overtime compensation under the FLSA and state law.

65. Defendant is a sophisticated international business with access to knowledgeable human resource specialists and competent labor counsel who can and should advise Defendant of their obligations under the FLSA and South Carolina state law.

66. Defendant acted knowingly or with reckless disregard of clearly applicable FLSA and South Carolina law in failing to compensate Plaintiff and Class Members for all hours worked, including overtime for hours in excess of forty (40) during the workweeks.

67. Defendant has not made good faith efforts to comply with the FLSA and South Carolina state law.

**COLLECTIVE ACTION ALLEGATIONS**

68. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective defined above.

69. Plaintiff seeks to pursue the FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

70. Plaintiff and Collective Members are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to the Defendant's previously described common pay and timekeeping practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

71. The Collective Members have the same or closely similar job duties as Plaintiff,

and Plaintiff and Collective Members were paid by Defendant in the same manner, in violation of the FLSA. Accordingly, the named Plaintiff is similarly situated to all members of the Collective.

72. Plaintiff and Collective Members performed the same type of work, the manner and terms of which were controlled by the Defendant and were not paid for all time worked or at the proper overtime rate as required by federal law.

73. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records.

74. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**CLASS ACTION ALLEGATIONS**

75. Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

76. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the Class defined above.

77. The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 100 members of the Class.

78. Defendant has engaged in the same conduct towards Plaintiff and the other members of the Class.

79. The injuries and damages to the Class present questions of law and fact that are common to each class member within the Class, and that are common to the Class as a whole.

80. Plaintiff will fairly and adequately represent and protect the interests of the Class, and all of the Class Members, because there is no conflict between the claims of Plaintiff and those

of the Class, and Plaintiff's claims are typical of the claims of the Class.

81. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

82. Class certification is appropriate under FED. R. CIV. P. 23(B)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual Class Members including, without limitation: whether Defendant fails to pay them the full amount of overtime compensation earned.

83. Plaintiff's claims are typical of the claims of the Class in the following ways, without limitation: (a) Plaintiff is a member of the Class; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the members of the Class; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Class members.

84. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The members of the Class are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect

to individual Class Members that would establish incompatible standards of conduct for Defendant.

85. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of members and the Class, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

86. Without a class action, Defendant will unjustly retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA - Overtime**
**(On Behalf of Plaintiff and the FLSA Collective)**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he or she is employed. *See* 29 U.S.C. § 207(a)(1).

89. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee…." 29 U.S.C. § 207(e).

90. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

91. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

92. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

93. At all relevant times, Plaintiff and Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

94. Plaintiff and Collective Members were not exempt from the requirements of the FLSA.

95. Plaintiff and Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

96. Defendant's compensation scheme applicable to Plaintiff and Collective Members failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

97. Defendant knowingly failed to compensate the Plaintiff and Collective members for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1½) times their regular rate of pay, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

98. Moreover, Defendant has failed to include non-discretionary bonuses in calculating the Plaintiff's and the Collective Members' "regular rate" for the purpose of calculating the applicable time-and-a-half overtime premium, and Defendant has failed to compensate the Plaintiff and Collective Members for off-the-clock work.

99. Defendant also failed to create, keep, and preserve records with respect to work performed by the Plaintiff and Collective Members sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

100. In violating the FLSA, Defendant acted willfully, and knew or had reckless disregard of clearly applicable FLSA provisions.

101. Defendant is liable to Plaintiff and Collective Members for actual damages,

liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**COUNT II**
**Violation of South Carolina Payment of Wages Act**
**(On Behalf of the Plaintiff and the Class)**

102. All above-alleged paragraphs are incorporated herein by reference.

103. Plaintiff and similarly situated non-exempt employees seek to recover wages for all the times they worked "off the clock" and worked less than forty (40) hours in a work week. During those work weeks Plaintiff and members of the Class are seeking to recover their regular hourly rate.

104. At all relevant times, Defendant was an "employer" as defined by S.C. Code § 41-10-10(1).

105. At all relevant times, Plaintiff and members of the Class were covered employees of Defendant.

106. Defendant failed to pay "wages," as defined by S.C. Code § 41-10-10(2), and pursuant to Plaintiff's employment agreement.

107. S.C. Code § 41-10-10(2) defines "wages" as all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract.

108. Defendant violated Plaintiff's and the Class Members' employment agreement and the South Carolina Payment of Wages Act by not compensating Plaintiff and similarly situated non-exempt employees, for the compensable "off the clock" work they performed.

109. Defendant further violated Plaintiff's and the Class Members' employment

agreement and the South Carolina Payment of Wages Act by not compensating Plaintiff and similarly situated non-exempt employees at proper overtime premiums at a rate of one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

110. Plaintiff and members of the Class are owed wages pursuant to the South Carolina Payment of Wages Act because the Defendant did not pay Plaintiff and members of the Class their wages due per their employment agreement.

111. Defendant refused to pay Plaintiff's wages due, as required by S.C. Code § 41-10-40 and -50.

112. Pursuant to S.C. Code § 41-10-80(C), Plaintiff and Class Members are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, plus costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Class;

c. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

d. Unpaid wages as may be owed and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Treble damages for the Class pursuant to the South Carolina Payment of Wages Act;

g. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

h. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

Dated: February 9, 2026

Respectfully Submitted,

s/Brian C. Duffy
Brian C. Duffy (Fed. I.D. No. 9491)
Robert Wehrman (Fed. I.D. No. 13426)
DUFFY & YOUNG LLC
96 Broad Street
Charleston, SC 29401
Tel.: (843) 720-2044
bduffy@duffyandyoung.com
rwehrman@duffyandyoung.com

Camille Fundora Rodriguez*
Lane L. Vines*
Olivia S. Lanctot*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-4635
crodriguez@bergermontague.com
lvines@bergermontague.com
olanctot@bergermontague.com

* *Pro hac vice* forthcoming

*Attorneys for Plaintiff and the proposed Collective and Class*